UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                *    CRIMINAL DOCKET

VERSUS                                  *    NO. 04-310

JOHN MARTIN, III                        *    SECTION "F"


ORDER AND REASONS

Before the Court is John Martin's Section 2255 motion to vacate, set aside, or correct a sentence. For the reasons that follow, the Court directs the Clerk to reinstate Martin's criminal judgment to allow Martin to pursue an out-of-time appeal. Martin shall file his notice of appeal within ten days after entry of the judgment pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Martin's Section 2255 motion is dismissed without prejudice.

Background

On February 23, 2005, John Martin pleaded guilty as charged to four drug-related counts (three charging him with distribution of heroin and one charging him with distribution of fifty grams or more of a mixture and substance containing methamphetamine). There was no plea agreement. Martin was represented by Dwight Doskey. During the rearraignment proceeding, Martin acknowledged that he understood that he could be sentenced above or below the applicable sentencing guideline range even if he pleaded guilty. He also

1

stated that he was satisfied with Doskey's advice and services and that he had had sufficient time to discuss his case with Doskey and to investigate possible defenses.   The Court accepted Martin's guilty plea.   The Court advised Martin of his appeal rights, among other things.

Before Martin was sentenced, Doskey filed a Defense Memorandum Concerning Sentencing, asking the Court to consider sentencing Martin to the statutory minimum of 60 months imprisonment, as opposed to a guideline sentence of between 70 and 87 months.[1]

On May 25, 2005, Martin was sentenced to 87 months as to counts 1 through 4, to be served concurrently.   In his Section 2255 motion, Martin contends that -- on that same day, right after his sentencing -- he wrote Doskey and asked that Doskey appeal his 87 month sentence.   Martin submits a letter dated May 25, 2005 with his petition.   The Government counters with the Affidavit of Dwight Doskey:   Doskey states that Martin did not request that he file an appeal until late June 2005.   (The deadline for filing a timely notice of appeal was June 14, 2005).   Doskey says that he wrote a letter back to Martin telling him that the time for an appeal had expired and that there were no meritorious issues to appeal in his case.

---

[1] Attached to Martin's Section 2255 motion is a letter dated February 8, 2005 from Doskey to Martin, advising him that according to the probation officer's estimate, Martin was "looking at about seven years [84 months] on this case."

2

However, Doskey's office was flooded by Hurricane Katrina in September 2005 and Doskey does not have Martin's letter to him dated late June, or his response to Martin that the time for an appeal had expired.

Martin's judgment of conviction was entered on May 25, 2005. He did not file his notice of appeal until October 17, 2005. Because Martin failed to file his notice of appeal within 10 days of the entry of judgment as required by Fed.R.App.P. 4(b)(1)(A)(i), the Fifth Circuit dismissed his appeal for lack of appellate jurisdiction on February 9, 2006.

Martin now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]  In his Section 2255 motion, Martin contends that he was deprived of effective assistance of counsel by Doskey's failure to appeal when requested.  He further contends that he was denied effective assistance of counsel during the plea negotiation stage, that his guidelines were miscalculated, that he misunderstood his guidelines, and that the Government failed to provide Brady information.[3]

The Government suggests that a factual dispute exists as to whether Martin timely asked Doskey to file a notice of appeal on

_____

[2] On May 15, 2006, Martin filed this Section 2255 motion pro se from prison in Mississippi.  He filed supplemental motions in August and November 2006.

[3] All of which raises a serious issue implicating Martin's truthfulness at his rearraignment hearing and in his Section 2255 papers.

his behalf.  Because Hurricane Katrina destroyed Doskey's files, the factual dispute may well remain unresolved even with an evidentiary hearing.  Accordingly, in the interest of judicial economy and to avoid the necessity of an evidentiary hearing, the Government and Martin seem to acknowledge that the Court should grant an out-of-time appeal.  This Court agrees.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States."  The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id.

Among other things, Martin contends that his defense counsel was ineffective because he failed to file an appeal notwithstanding Martin's request that he do so.  Martin contends that the Court should grant an out-of-time appeal because his counsel's failure to timely appeal constitutes ineffective assistance of counsel.

A.  Ineffective Assistance of Counsel on Appeal

A petitioner's claim of constitutionally ineffective counsel based on the failure to file a notice of appeal is analyzed under Strickland v. Washington, 466 U.S. 668 (1984).  See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000).  To show that counsel was deficient, a petitioner must show that the failure of counsel to

4

file a notice of appeal fell below an objective standard of reasonableness and that it prejudiced him.  See U.S. v. Heckler, 165 Fed.Appx. 360 (5th Cir. 2006) (unpublished) (citing Flores-Ortega, 528 U.S. at 484).  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. at 477.   Counsel's failure to inform his client of the deadline for filing his appeal may also constitute ineffectiveness when the failure causes him to lose his right to appeal.  U.S. v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993); see also U.S. v. Morris, 56 F.3d 1386, (5th Cir. 1995) ("[a]t the very least, counsel must inform the indigent defendant of his right to appeal, and notify him of the time limits in which to appeal") (citations omitted).

As to the prejudice prong of the Strickland standard, the petitioner "need not demonstrate that he would have been able to raise meritorious issues on appeal[;] [r]ather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have appealed." Heckler, 165 Fed.Appx. at 361 (citing Flores-Ortega, 528 U.S. at 484).[4]

---

[4] If defense counsel fails to file an appeal requested by defendant, the defendant is entitled to a new appeal without showing that his appeal would have merit because his reasonable reliance on counsel to file the necessary notice deprived him of the appellate proceeding altogether.  Flores-Ortega, 528 U.S. at 477.

B.  Out-of-Time Appeal Procedure

Defense counsel's failure to perfect an appeal on request or failure to advise his client of the right to appeal and the time limits for perfecting the appeal may constitute ineffective assistance and, if so, would entitle the defendant to an out-of-time appeal.  U.S. v. Johnson, 244 F.3d 134, 2000 WL 1901456, at *2 (5th Cir. 2000) (citing U.S. v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993)); see also U.S. v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel's failure to file a notice of appeal rises to the level of ineffective assistance, the remedy is granting an out-of-time appeal); see also Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981).

Because "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time appeal", the judgment-reinstatement procedure set forth by the Fifth Circuit defines this Court's decision.  See West, 240 F.3d at 459 (emphasis in original). This procedure calls for dismissing the petitioner's Section 2255 petition without prejudice and reinstating the petitioner's judgment of conviction to reset the time of which his appeal should run.  See Mack, 659 F.2d at 26.[5]

_____

[5] The Fifth Circuit has sanctioned this procedure, noting the distinction between the statutory and judicial remedy:  If the district court "choos[es] the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides."  See West, 240 F.3d at 459.

6

This remedies counsel's deficiency in failing to file the requested appeal by providing the petitioner the opportunity to file a notice of appeal from the re-imposed sentence within the 10 days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

## II.

A Section 2255 motion may be *denied* without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (emphasis added). "[C]ontested fact issues [in a Section 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." U.S. v. Hughes, 635 F.2d 449, 451 (5th Cir. Unit B 1981).

Here, Martin says that he mailed Doskey a letter the day he was sentenced, on May 25, 2005, requesting him to file an appeal. (The Government notes that there is no independent proof that the May 25 letter was indeed mailed on that date.) Doskey submits an affidavit stating that he never received the May 25 letter; instead, he says that he received a letter from Martin in late June 2005.[6] Doskey concedes that he received Martin's request to appeal,

---

[6] In its response to Martin's petition, the Government attaches an affidavit of Doskey, who says that (1) he never received the May 25 letter; (2) he received a letter in the latter part of June 2005 from Martin; and (3) he replied to Martin telling him that the time to appeal had run and he had no meritorious issues to appeal.

but disputes when that request was made.[7]

Accordingly, the Court invokes the judgment-reinstatement procedure:  the petitioner's Section 2255 petition is hereby DISMISSED without prejudice and the Clerk of Court is directed to REINSTATE the criminal judgment.  To file a timely appeal, the petitioner must file a notice of appeal from the re-imposed sentence within 10 days (as mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i)) from the entry of judgment.

New Orleans, Louisiana, March 27, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] The Government notes in its response that Doskey is unable to independently corroborate his contention that the letter he received from Martin was in the latter part of June (and not the May 25 letter Martin says he sent) because Doskey's office was flooded by Hurricane Katrina.

8